UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES G. SARAH,

    Plaintiff,

v.                                Case No. 2:04-cv-85
                                         HON. GORDON J. QUIST
CORRECTIONS OFFICER BETZ, et al.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, James G. Sarah, an inmate at the Alger Maximum Correctional Facility (LMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Corrections Officer Betz, Corrections Officer Masters, Sergeant Adams, Nurse Blackford, and Doctor Abdellatif. All of plaintiff's claims, except for his First and Eighth Amendment claims against defendants Betz, Masters and Adams, have been dismissed.

Plaintiff alleges in his complaint that on December 23, 2002, he was standing at his cell door waiting to go out to yard when defendant Masters told him that he was not going to be allowed to go out because of his conduct in "filing all of those lawsuits." On December 25, 2002, while plaintiff was waiting to go outside for his yard time, defendant Betz told him that because plaintiff wanted to keep filing all those lawsuits, he had marked plaintiff down as having "refused" yard. On December 26, 2002, defendant Betz was taking plaintiff out to yard when he grabbed plaintiff's head and slammed the left side into a steel pole. As a result, plaintiff suffered from bruising and swelling, as well as dizziness, nausea and headaches. Later that day, plaintiff was called out by defendant Blackford for an "annual health screening." Plaintiff attempted to show

defendant Blackford his injuries, but was told that this was not the purpose for his appointment and to either take his vaccine or leave. On December 27, 2002, plaintiff sent a medical kite and was scheduled to see a nurse. On December 28, 2002, he was seen by a nurse, who told plaintiff that she saw slight swelling and bruising. Plaintiff was then scheduled to see defendant Abdellatif. Later that day, plaintiff was allowed to go outside. While plaintiff was walking in the yard, defendant Betz spit in his face, causing saliva to get in plaintiff's eyes and mouth. Defendant Betz stated, "that's for those lawsuits."

On December 30, 2002, plaintiff was seen by defendant Abdellatif. When plaintiff showed him his injuries, defendant Abdellatif told him that he was not going to give plaintiff anything. Plaintiff complains that defendant Abdellatif did not even get out of his chair to examine him before plaintiff was told to go back to his room. Plaintiff states that he told defendant Adams about his problems with defendants Betz and Masters, and that defendant Adams told him to drop his lawsuits if he wanted to have his yard time.

On March 6, 2003, defendant Masters refused to allow plaintiff to have his yard time, stating, "You ain't got shit comming [sic] from me . . . [e]specially after you filed that grievance on me." On April 12, 2003, defendant Masters again refused to allow plaintiff to go the yard, stating that he had already told plaintiff he would not be going out because of the lawsuit that plaintiff had filed. Defendant Betz also refused to let plaintiff go out. Plaintiff claims that defendants' conduct violated his rights under the First and Eighth Amendments, as well as under state law.

Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant

carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  While the evidence must be viewed in the light most favorable to the nonmoving party, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."  *Id.* at 252.  *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants first argue that plaintiff failed to show that he exhausted his grievance remedies against defendant Betz for the claim that Betz allegedly refused to give plaintiff yard time on April 12, 2003.  Defendants argue that the total exhaustion rule requires dismissal of this case.  However, plaintiff attached to his complaint as exhibit M a letter he wrote to request a grievance form to file a grievance against defendants Masters, Betz and Polander for refusing him yard time on April 12, 2003.  The notation on the letter states "Denied, too vague.  Not clear and concise.  Wt; G.C.  4-17-03."  In my opinion, the letter was clear and concise.  Therefore, it appears that plaintiff made a request for grievance forms while on modified access and his request was denied.  Plaintiff was not instructed to resubmit his request.  Plaintiff has satisfied his burden of showing exhaustion of his grievance remedies on his claim against defendant Betz for the denial of yard-time on April 12, 2003.

Defendants further assert that plaintiff cannot support his claims that he was denied yard time and was assaulted in violation of his Eighth Amendment rights and in retaliation for filing past grievances. Plaintiff has presented affidavits from other prisoners who witnessed defendants' refusal to allow plaintiff to come out of his cell for yard time because of the lawsuits that he had filed. Further, plaintiff has presented affidavits from prisoners who witnessed defendant Betz grab plaintiff and slam his head into a pole. Further, plaintiff has presented an affidavit from a prisoner who allegedly witnessed defendant Betz spit in plaintiff's face. Defendants have asserted that none of these events occurred. Plaintiff has presented witnesses who state that these events did occur. Clearly, a question of fact exists on the remaining issues in this case.

Defendants have asserted that even if plaintiff's claims are true, plaintiff cannot support a claim of retaliation. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 *1037 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendants' alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). In the opinion of the undersigned, plaintiff has satisfied his burden of presenting a genuine issue of material fact on this issue. Plaintiff has engaged in protected conduct by filing grievances and lawsuits. Defendants have allegedly refused to allow plaintiff to go to yard time due to plaintiff's litigation activities. While defendants argue that this cannot be adverse conduct

because it is such a minor punishment, repeated refusals to allow yard time solely because of litigation activities of a prisoner, in my opinion, can qualify as adverse conduct. Moreover, plaintiff alleges that he was assaulted twice because of his litigation activities. Plaintiff has presented and supported his factual claims with affidavits from prisoner witnesses. In the opinion of the undersigned a question of fact exists on plaintiff's retaliation claims. Defendants are not entitled to qualified immunity because a genuine issue of material fact exists whether plaintiff was retaliated against and assaulted. When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

Accordingly, it is recommended that defendants' motion for summary judgment (docket #21) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  April 28, 2005                         /s/ Timothy P. Greeley
                                               TIMOTHY P. GREELEY
                                               UNITED STATES MAGISTRATE JUDGE