UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES G. SARAH #280314,                )
                                        )
        Plaintiff,              )   ECase No. 2:04-cv-85
                                        )
v.                                      )   HON. GORDON J. QUIST
                                        )
CORRECTIONS OFFICER BETZ, et al.,       )
                                        )
        Defendants.             )
_____ )

**OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

       The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action on April 28, 2005. The Report and Recommendation was duly served on the parties. The Court has received objections from the defendants. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

       Defendants argue that the Magistrate Judge erred in failing to recommend that this case should be dismissed under the total exhaustion rule. Defendants argued in their dispositive motion that plaintiff failed to exhaust his grievance remedies against defendant Betz for refusing to give plaintiff yard time on April 12, 2003. Plaintiff had clearly requested a grievance form to assert this claim in a grievance filing, but his request was refused while he was on modified access to the grievance process. Plaintiff satisfied his burden on this claim. Defendants further argue for the first time in their objections to the Report and Recommendation that the Magistrate Judge should have recommended dismissal under the total exhaustion rule for plaintiff's failure to exhaust other claims. Those arguments were never presented in defendants' dispositive motion. It is inappropriate to argue

that the Magistrate Judge erred in his Report and Recommendation when the issues were never presented first in a dispositive motion.

Defendants allege that the Magistrate Judge erred in failing to recommend the dismissal of plaintiff's Eighth Amendment claims, because plaintiff's injury was not "serious." Defendants have confused the Eighth Amendment standard for failure to provide medical care which requires a serious medical need with the Eighth Amendment standard of excessive force which requires more than a *de minimis* injury. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene societies "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). A *de minimis* injury standard has never required a "serious" injury. Defendants have not cited any authority for their assertion and have not defined what they mean by "the injury must be sufficiently 'serious.'" Similarly, defendants' new argument about a requirement of a "serious" injury was never raised in their dispositive motion and is being raised for the first time in the objections.

Defendants have again made up a new standard in their objections regarding plaintiff's First Amendment retaliation claim. Defendants argue that "four discrete denials of yard time are *de minimis* and will not support a retaliation claim." Defendants have not explained how a *de minimis* threshold is relevant to a claim of retaliation. Plaintiff has satisfied his burden of establishing a question of fact regarding the denial of yard time and whether the denials were retaliatory.

Defendants further assert that even if they slammed plaintiff's head into a pole, causing some swelling and bruising, spat on him, and denied him yard time on four occasions, such conduct would be insufficient to support Eighth Amendment and First Amendment claims.

- 3 -

Defendants are incorrect in their arguments. A corrections officer cannot slam a prisoner's head into a steel pole or spit on a prisoner. Nor can an officer deny a prisoner yard time in retaliation for protected conduct. Similarly, defendants' claim of qualified immunity lacks merit because a question of fact exists whether excessive force was used and adverse actions were taken in retaliation of protected conduct.

       THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court.

       IT IS FURTHER ORDERED that defendants' motion for summary judgment (Docket #21) is DENIED.


Dated: August 4, 2005                                              /s/ Gordon J. Quist
                                                                    GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE