UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES G. SARAH,

    Plaintiff,

v.                                          Case No. 2:04-cv-85
                                                   HON. GORDON J. QUIST

UNKNOWN BETZ, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff James G. Sarah, an inmate at the St. Louis Correctional Facility (SLF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against defendants Corrections Officer Betz, Corrections Officer Masters, Sergeant Adams, Nurse Blackford, and Doctor Abdellatif. All of Plaintiff's claims, except for his First and Eighth Amendment claims against defendants Betz, Masters and Adams, have been dismissed.

Plaintiff alleges in his complaint that on December 23, 2002, he was standing at his cell door waiting to go out to yard when defendant Masters told him that he was not going to be allowed to go out because of his conduct in "filing all of those lawsuits." On December 25, 2002, while plaintiff was waiting to go outside for his yard time, defendant Betz told him that because plaintiff wanted to keep filing all those lawsuits, he had marked plaintiff down as having "refused" yard. On December 26, 2002, defendant Betz was taking plaintiff out to yard when he grabbed plaintiff's head and slammed the left side into a steel pole. As a result, plaintiff suffered from bruising and swelling, as well as dizziness, nausea and headaches. Later that day, plaintiff was called out by defendant Blackford for an "annual health screening." Plaintiff attempted to show

defendant Blackford his injuries, but was told that this was not the purpose for his appointment and to either take his vaccine or leave. On December 27, 2002, plaintiff sent a medical kite and was scheduled to see a nurse. On December 28, 2002, he was seen by a nurse, who told plaintiff that she saw slight swelling and bruising. Plaintiff was then scheduled to see defendant Abdellatif. Later that day, plaintiff was allowed to go outside. While plaintiff was walking in the yard, defendant Betz spit in his face, causing saliva to get in plaintiff's eyes and mouth. Defendant Betz stated, "that's for those lawsuits."

On December 30, 2002, plaintiff was seen by defendant Abdellatif. When plaintiff showed him his injuries, defendant Abdellatif told him that he was not going to give plaintiff anything. Plaintiff complains that defendant Abdellatif did not even get out of his chair to examine him before plaintiff was told to go back to his room. Plaintiff states that he told defendant Adams about his problems with defendants Betz and Masters, and that defendant Adams told him to drop his lawsuits if he wanted to have his yard time.

On March 6, 2003, defendant Masters refused to allow plaintiff to have his yard time, stating, "You ain't got shit comming [sic] from me . . . [e]specially after you filed that grievance on me." On April 12, 2003, defendant Masters again refused to allow plaintiff to go the yard, stating that he had already told plaintiff he would not be going out because of the lawsuit that plaintiff had filed. Defendant Betz also refused to let plaintiff go out. Plaintiff claims that defendants' conduct violated his rights under the First and Eighth Amendments, as well as under state law.

Defendants filed their first motion for summary judgment on September 21, 2004, which was denied by the court on August 4, 2005. (Docket #38.) Defendants have now filed a second motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue

of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). While the evidence must be viewed in the light most favorable to the nonmoving party, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants first argue that Plaintiff failed to show that he exhausted his grievance remedies with regard to his claim that Defendant Betz slammed his head into a steel pole on December 26, 2002, and spit in his face on December 28, 2002. Defendants claim that because this grievance was rejected at step I as raising multiple issues, he should have refiled the grievance. However, Plaintiff appealed the rejection of this grievance at steps II and III as provided for by MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ H (effective 4/28/03). *See Little v. Bahr*, No. 99-1660, 2000 WL 921978, at *1 (6th Cir. June 30, 2000) (holding that a rejection of a grievance is itself a response that must be appealed). In this step I grievance, Plaintiff specifically set forth his claims against Defendant Betz which occurred in December of 2002. Such an action is sufficient

to satisfy the primary purpose behind the exhaustion requirement, which is to give the state prison systems "an opportunity to handle prison grievances internally before recourse to the federal courts becomes available." *Thomas v. Woolum,* 337 F.3d 720, 725 (6th Cir.2003).  Therefore, the undersigned concludes that Plaintiff properly exhausted his administrative remedies with regard to Defendant Betz.

Defendants further claim that Plaintiff did not file any grievances regarding his claim that Defendant Adams told him that he would only get to go to yard if he dropped the lawsuits. However, Defendants are mistaken.  Plaintiff attached a copy of his step I grievance form, number LMF 0212 5341 17A, to his complaint.  In this grievance, Plaintiff states that he talked to Defendant Adams about not being allowed yard time and that Defendant Adams told Plaintiff that he might be allowed out if he dropped the lawsuits.  Therefore, it is apparent that Plaintiff did exhaust his claim against Defendant Adams.

Defendants further assert that the denial of yard time on four discrete occasions over a four month period does not rise to the level of cruel and unusual punishment.  In response to this assertion, Plaintiff states that he was on "loss of privileges" (LOP) from July 1999 until March 2005. As such, Plaintiff was allowed to go out to yard for a five day break after doing 30 consecutive days of LOP.  Plaintiff argues that because he was already being denied yard for a total of 315 days, losing an additional four days constituted cruel and unusual punishment.  The undersigned notes that Plaintiff was allegedly denied yard on December 23, 2002, December 25, 2002, December 26, 2002, March 6, 2003, and April 12, 2003.  Therefore, Plaintiff received only two days of yard in December of 2002, and only four days of yard in March and April of 2003.  However, it is apparent that Plaintiff did receive at least two days of yard for each 30 day period he was confined to segregation. The undersigned notes that Eighth Amendment standards entitle prisoners to exercise sufficient to

- 4 -

maintain reasonably good physical and mental health. *See Walker v. Mintzes*, 771 F.2d 920-927 (6th Cir. 1985). Plaintiff fails to allege that he suffered any adverse consequences to his physical or mental health. Therefore, Defendants are entitled to summary judgment on Plaintiff's Eighth Amendment claim regarding the denial of yard time.

Defendants further contend that they are entitled to summary judgment on Plaintiff's claim that Defendant Betz spit in his face on December 28, 2002, as he was coming in from yard because there is only a "de minimis injury." Therefore, Defendants state that such conduct cannot support an Eighth Amendment claim. The undersigned notes that only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave for an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). A de minimis use of physical force is beyond constitutional recognition, provided that the use of force is not of a sort "repugnant to mankind." *Id.* at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)); *see Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir. 1994), *cert. denied* 513 U.S. 1114 (1995) ("absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis). However, in the opinion of the undersigned, Defendant Betz's alleged misconduct of spitting in Plaintiff's face is the sort of force that is "repugnant to mankind." Therefore, Defendants are not entitled to summary judgment on this claim.

Defendants also claim that they are entitled to summary judgment on Plaintiff's claim that Defendant Betz slammed Plaintiff's head into a steel pole on December 26, 2002, because there was only a "de minimis injury." However, according to Plaintiff's medical records for December 28, 2002, Plaintiff complained of pain in his left temple, nausea, and vomiting on three occasions following the assault. Plaintiff further complained that he had "passed out" four times between December 26, 2002, and December 28, 2002. The nurse referred Plaintiff to the doctor, who saw

him on December 30, 2002. In the opinion of the undersigned, such complaints are sufficient to meet the injury requirement for setting forth an Eighth Amendment claim. (*See* Defendants' Exhibit 4, attached to the brief in support of the first motion for summary judgment, docket #22.)

Further, Defendants contend that Plaintiff cannot support his claim that Defendant Betz actually assaulted him on December 26, 2002. In support of this contention, Defendants offer Defendant Betz's affidavit, in which he denies committing the assault. Defendants further note that there was no physical evidence of the assault, such as bruising or swelling, and that Plaintiff did not mention the assault on December 26, 2002. Defendants conclude that Plaintiff has failed to come forward with any evidence supporting his version of the events. However, as noted by the undersigned in the report and recommendation on the first motion for summary judgment, Plaintiff has presented affidavits from prisoners who witnessed Defendant Betz grab Plaintiff and slam his head into a pole. Further, Plaintiff has presented an affidavit from a prisoner who allegedly witnessed defendant Betz spit in Plaintiff's face. Defendants have asserted that none of these events occurred. Plaintiff has presented witnesses who state that these events did occur. Clearly, a question of fact exists on the remaining issues in this case. Therefore, Defendants are not entitled to summary judgment on Plaintiff's Eighth Amendment claims against Defendant Betz.

Defendants have asserted that even if Plaintiff's claims are true, Plaintiff cannot support a claim of retaliation. In the second motion for summary judgment, Defendants basically rehash the arguments presented in the initial motion for summary judgment. As noted previously by the undersigned, retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 *1037 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter

a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendants' alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). In the opinion of the undersigned, Plaintiff has satisfied his burden of presenting a genuine issue of material fact on this issue. Plaintiff has engaged in protected conduct by filing grievances and lawsuits. Defendants have allegedly refused to allow Plaintiff to go to yard time due to plaintiff's litigation activities. While Defendants argue that this cannot be adverse conduct because it is such a minor or "de minimis" punishment, repeated refusals to allow yard time solely because of litigation activities of a prisoner, in my opinion, can qualify as adverse conduct. Moreover, Plaintiff alleges that he was assaulted twice because of his litigation activities. Plaintiff has presented and supported his factual claims with affidavits from prisoner witnesses. In the opinion of the undersigned a question of fact exists on Plaintiff's retaliation claims. Defendants are not entitled to qualified immunity because a genuine issue of material fact exists whether Plaintiff was retaliated against and assaulted. When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the Plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

Accordingly, it is recommended that Defendants' second motion for summary judgment (docket #39) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

     /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 14, 2006