UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES G. SARAH,

    Plaintiff,

v.

    Case No. 2:04-cv-85
    HON. GORDON J. QUIST

UNKNOWN BETZ, et al.,

    Defendants.
    _____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action. The Report and Recommendation was duly served on the parties. The Court has received objections from the defendants and plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

Defendants argue that plaintiff failed to exhaust each issue presented in his complaint by filing an appropriate grievance at each stage of the grievance proceeding. Defendants argue that simply filing a grievance that was rejected at each stage because the grievance raised several issues, was insufficient to exhaust the grievance procedures. According to defendants, plaintiff was obligated to exhaust each issue in separate grievance forms. The prison, under Michigan Department of Corrections Policy Directive 03.02.130G, may reject a grievance which contains multiple unrelated issues. Subpart H provides that a prisoner may appeal the rejection to the next step.

Plaintiff presented his claims at each level of the grievance process. The prison declined to address the issues presented. Defendants' reliance on *Meadows v. Gibson*, 855 F.Supp. 223 (W.D. Tenn. 1994) is misplaced. That case did not address the plaintiff's failure to exhaust his grievances remedies. The court dismissed the case as frivolous on the merits of the claims presented. The most relevant issue decided in that case involved the plaintiff's due process claim for an alleged failure to allow the plaintiff to file a grievance. *Meadows* provides no authority for the exhaustion issue in this case. Similarly, plaintiff exhausted his grievance remedies against defendant Adams by naming defendant Adams in his grievance.

Defendants argue that the Eighth Amendment cannot be violated when a prison guard spits in the face of a prisoner because the act is *de minimis*. The Magistrate Judge opined that the act was "repugnant to mankind." This is not a situation where plaintiff is alleging in one instance that officer Betz simply spit on plaintiff. Plaintiff has alleged a pattern of improper conduct including the slamming of plaintiff's head into a steel pole which caused swelling and bruising. Plaintiff suffered more than *de minimis* injury. Plaintiff has presented sufficient factual evidence to show a genuine issue of material fact.

The report and recommendation concluded that plaintiff's allegations of denial of yard-time should be dismissed. Plaintiff objects to that finding. Plaintiff alleges that he was denied yard on four occasions over a four month time period. Plaintiff has not shown that he suffered any harm from the alleged denials. Defendants argue that plaintiff's retaliation claims must also fail because slamming plaintiff's head into a pole and spitting on him are *de minimis* acts and the alleged denials of yard time fail to support a claim of cruel and unusual punishment. In *Bell v. Johnson*, 308

F.3d 594 (6th Cir. 2002), the Sixth Circuit explained the adverse action requirement of a retaliation claim:

> Some adverse actions are so *de minimis* that they do not give rise to constitutionally cognizable injuries. Accordingly, we held that an official action will be deemed "adverse" only if it could "deter a person of ordinary firmness" from the exercise of the right at stake....
>
> Our discussion of the "adverse action" requirement in *Thaddeus-X* makes clear that, in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amendable to resolution as a matter of law.
>
> We emphasize that while certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations, this threshold is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment.

*Id.* at 603. Plaintiff has set forth more than *de minimis* acts to support the adverse action requirement of his retaliation claim. Defendants argue that they are entitled to the defense of qualified immunity. Plaintiff has satisfied his burden of establishing genuine issues of material fact exist on the remaining claims.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is adopted as modified by this opinion.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (docket #39) is GRANTED IN PART, dismissing only plaintiff's Eighth Amendment claim involving the denial of yard time, and DENIED on all other issues.

Dated: _____

_____
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE